Glover, J.,
dissenting. I concur in so much of this opinion as bolds, tbat the evidence was insufficient to prove tbe making of the note; but I do not concur with the majority of the Court tbat the Circuit Judge erred in refusing to allow tbe defendant to answer the* interrogatories. Tbe thirty-fourth rule of Court directs, tbat if tbe plaintiff or defendant is served with interrogatories, be may either give bis answer in writing, sworn to before tbe Clerk, or ore tenus in open Court. Tbe language of tbe rule sanctions the practice tbat has been adopted under it, which is, to permit tbe party to elect in which way be will answer. It is said that be may be compelled by tbe Court to answer in.writing; but this is neither the letter of tbe rule nor according to the practice under it. Conceding the authority of the Court to compel an answer in writing, tbe objection to tbe competency of tbe witness is not thereby removed. Tbe question is not, bow shall a witness answer, but, is be competent. If bis answers are inadmissible ore tenus, they are inadmissible in *121 writing. What reason, except incompetencv arising from his status, can be given for his exclusion from the stand which will not apply to free white persons. I know that there are exceptions to the well-established rule, that free negroes are incompetent witnesses in this Court and that their evidence is inadmissible; but these exceptions depend upon absolute and indispensable necessity. They enjoy under our laws the rights of property and protection and may make all necessary affidavits in collateral matters, in vindication of those rights. They must take the oath prescribed by the Insolvent Debtors’ Act, and may be examined on oath by creditors, because it arises from an actual necessity created by the Act and not by the party and is in favorem libertatis. In the cáse of Glenn vs. Lopez, Harper 105, the Court says, “It was supposed that the same policy which excludes persons of color, from giving evidence would operate so as to exclude them- from taking an oath in any case. As a matter óf policy it was always within the control of the Legislature, and taking the oath prescribed by' the Act is made a condition sine qua non to entitle him to its benefits.” The Court concedes that not only the rule of exclusion but that the exceptions to it are under the control of the Legislature alone ; and all the cases that allow the exceptions put them upon the ground of absolute necessity, created by law and not by the party. The witness was excluded in White vs. Helmes, 1 McC. 430, because it was without precedent and against the policy of the State, and the Court sustaining the decision on circuit, observes, “ There is no instance in which a negro has been permitted to give evidence except in cases of absolute and indispensable necessity — when we consider the degraded state in which they are placed by the laws of the State and the ignorance in which most of them are reared, it would be unreasonable as well as impolitic to lay it down as a general rule that they are competent witnesses.” Ten years- after-wards (1831) the same question arose on an appeal from *122 Recorder Prioleau, (Groning vs. Davana, 2 Bail. 192,) and Ms judgment was concurred in by the whole Court — Justices Johnson, O’Neall and 'Harper. Referring to White vs. Helmes, the Recorder says, “.This decision, I think, recognizes the principle that negroes are incompetent witnesses in all cases except where the necessity is absolute, and it follows, that he who offers such a witness must be prepared to bring himself within the exception. It is not enough merely to allege that it is a case of necessity, but it must be made to appear to the Court to be so. It must not be a necessity created by the .act of the party offering the witness, but one beyond his control and springing from the transaction itself. Now the evidence here is all created by the parties themselves. The plaintiff, a black, sells goods to the defendant, a black, on credit, and employs a black clerk to make the entries in his books. If by this means he is compelled to offer the black clerk as a witness, he himself created the necessity. He might have sold the goods and called in a white to witness the transaction. A black is excluded because of his degraded state in society and his ignorance — in other words, because from his moral and intellectual debasement he is unworthy of all credit. The rank of .the litigant parties can make no alteration in his condition. If his testimony would be worthless between whites it would be equally so between blacks, for let the rank of the plaintiff and- defendant be what they may, it is .the sacred duty of the Court to dispense to them the stream of justice in perfect purity and with impartiality.” ’
By a change of names this and the principal cáse are the same. In both the parties litigant are free colored persons and a colored witness is offered to establish a debt; in the first, he wras the clerk who made the original entries, and in the last the witness to the signature of the maker of a promissory note; the necessity is not more absolute in the one case than in .the other, and in both is created by the parties themselves. *123 The decision now pronounced overrules the case of Groning vs. Davana and those on which it depends.
It has also been said, that where a plaintiff or defendant propounds interrogatories to either, though he be incompetent, he must answer. But the incompetency of a free colored person does not depend upon his interest which may be released, or upon his degradation from crime or established mendacity, which may be waived by the parties; but it arises from his status in society and his incompetency rests on grounds of public policy which the Legislature alone can waive. Even in the inferior Courts, where his evidence is received, no oath is administered to enforce the obligation imposed by it. If the witness is competent to answer interrogatories in the summary jurisdiction, when no objection is interposed, he is equally so in the higher jurisdiction and to this extent the ruling in this cause goes. It is certainly the first time in South Carolina that the right of a free negro to appear on the witness’ stand in the superior Courts and to give evidence on the trial of causes has been recognized.
It may be thought wise and just by some to elevate his status and to confer upon him other and higher rights and privileges. If this be a case new in its principle the Legislature alone can interpose to change the law. It is only in a case new in the instance that courts assume the power by the application of a recognized principle. If I believed that public policy did no longer require his exclusion, I am unwilling to change the law except by Legislative enactment.

Motion granted.